LECOMTE *v.* WILSON, RECEIVER, ET AL.
[No. 16,009. Filed June 1, 1938.]

*Orph M. Hall,* for appellant.

*Mann, Price & Mann* and *Paul R. Shafer,* for appellees.

BRIDWELL, J.—Appellee, Noble C. Wilson, as receiver for Germain and Henry Lecomte, a partnership doing business under the name of North Terre Haute Coal Company, acting under authority of the court appointing him, brought an action against his co-appellees and appellant, to have the court determine as to the validity of a certain "coal lease" executed by appellee Elizabeth Lecomte as lessor, to appellant Henry Lecomte and appellee Germain Lecomte, as lessees. Appellant filed answer of general denial to the complaint, and also filed an amended cross-complaint (hereinafter set out) wherein he asserted ownership of said lease and of the partnership assets of said North Terre Haute Coal Company, and sought to have his title to the same quieted. Demurrers to said cross-complaint were filed by said receiver and by appellees Germain and Elizabeth Lecomte, and these demurrers were each sustained by the court, ap-

pellant excepting to each of said rulings, and, at the time of these rulings, the cause was set for trial at a future date. On the day of trial the record shows that appellant refused to plead further as to his amended cross-complaint, and there was a finding and judgment that he "take nothing by his cross-complaint," and a finding and judgment for appellee receiver to the effect that the lease involved was a valid lease; that it was the property of the North Terre Haute Coal Company, and that the receiver for such partnership was entitled to the possession thereof. This appeal followed, appellant assigning as error the action of the court in sustaining the demurrers to his amended cross-complaint.

Appellees have filed a motion to dismiss this appeal based upon certain facts therein stated, and supported by affidavits and various exhibits, consisting of ██ certified copies of court orders entered in the cause wherein Noble C. Wilson was appointed as receiver for said North Terre Haute Coal Company. The facts averred as cause for dismissal show that subsequent to the sustaining of the demurrers to appellant's amended cross-complaint (which is set out in said motion), the assets of the receivership estate, including the lease involved, were sold to third parties, pursuant to an order of court duly made and entered; that such sale was approved and confirmed by the court, and such assets delivered to the purchasers thereof; that at the time the court had jurisdiction of the subject-matter and jurisdiction over appellant who was in open court, and failed to take any exception to the court's action or any appeal from the order of sale; that appellant had paid into the office of the clerk of the court where the receivership proceedings were pending, the sum of $200.00, as payment for the interest of Germain Lecomte in said partnership assets, pursuant to a claimed offer and acceptance of a compromise of the difficulties

between the two partners, and had thereafter, under authority of court, withdrawn this amount and executed his receipt to said clerk for the same.

Because of the facts stated in said motion, it is contended by appellees that the question which this appeal seeks to present has become a moot one, and that the appeal should therefore be dismissed. After due consideration, we conclude that since appellant duly reserved an exception to the court's action in sustaining the demurrers to his amended cross-complaint, and appeals from the judgment rendered thereon, that he was not thereafter required to continue to object, except and appeal from subsequent action and judgment of the court relative to the identical subject-matter to be considered on his appeal, or be subject to the penalty of having his appeal dismissed for failing to do so. Appellees' motion to dismiss was heretofore continued until the final hearing of this appeal, and said motion is now overruled.

Omitting "Exhibit A" thereto, and the formal parts thereof, appellant's amended cross-complaint is as follows:

"Comes now Henry Lecomte, one of the defendants in the above entitled cause, and by way of amended cross-complaint against his co-defendants Germain Lecomte and Elizabeth Lecomte and Noble C. Wilson, as Receiver for Germain Lecomte and Henry Lecomte, a partnership doing business under the name of North Terre Haute Coal Company, as plaintiff, avers: that he was on June 13, 1935, one of the partners of the North Terre Haute Coal Company and that Germain Lecomte, co-defendant herein, his brother, was the other partner, and that they as partners at said time were the owners of a coal lease for the mining of coal containing about 27 acres in Otter Creek Township, Vigo County, and that they dug a shaft for the coal on said premises; that difficulties arose between said partners, and an action entitled Henry Lecomte vs. Germain Lecomte and Henry Lecomte

as partners doing business under the firm name of North Terre Haute Coal Company and Germain Lecomte, being cause No. 29308 in this court, was brought for an accounting between said partners. That the receiver, Noble C. Wilson, and plaintiff herein was unable to sell the lease, a copy of which is hereto attached and marked 'Plaintiff's Ex. A' and the personal property and assets of said partnership and close up said partnership under order of the Court and that this Court, the Hon. Albert R. Owens, before whom the said cause was then and there pending on the 13th day of June, 1935, called this cross-complainant and the said Germain Lecomte into court by their attorneys and the said Germain Lecomte being present were told by this court in substance that unless said partners reached an agreement and/or settled their differences between themselves by June 20th, 1935, that he was going to order said property reappraised and sold for whatever it would bring, and then and there gave said cross-complainant and his co-defendant, Germain Lecomte, a week to settle their differences aforesaid. And plaintiff says that then and there the said Germain Lecomte's attorney of record in said cause No. 29308, one Earl M. Mann, arose in court and said in the presence of the said Germain Lecomte that the said Germain Lecomte would either give or take the sum of $200.00 dollars for his interest in said partnership, and that this cross-complainant thereafter on the 20th day of June, 1935, offered the said Germain Lecomte the sum of $200.00 for his share in the assets of said partnership, and that the said Germain Lecomte refused to accept same, and this cross-complainant then and there paid said sum into the office of the Clerk of Vigo County, Indiana. And that said sum is still there as a legal tender for the said Germain Lecomte. And cross-complainant says now that this offer of compromise having been accepted by him, the assets of said receivership and partnership belong to this cross-complainant. Cross-complainant avers that all debts of said partnership have been paid in full and that there is approximately the sum of $800 on hands to pay court costs in the probable amount of $50.00 and the balance to pay attorney fees, which sum is amply sufficient therefor.

"Cross-complainant says that he is now the owner of said lease and all of the personal property of said partnership and that the said Germain Lecomte and Elizabeth Lecomte, his co-defendants, and the plaintiff are claiming an interest in said land and are asserting and are attempting to assert and claim title to same and which interest so claimed by said Germain Lecomte and the plaintiff and one Elizabeth Lecomte, are adverse to cross-complainant s claim and title in and to said lease and the appurtenances thereunto adjoining; and that the claims of the said Germain Lecomte and the plaintiff herein and the said Elizabeth Lecomte are unfounded and without right and are a cloud upon plaintiff's title to said lease and the personal assets of said partnership.

"WHEREFORE, cross-complainant prays, sues and asks that his title in and to said lease and said partnership may be quieted and forever set at rest against any and all claims of his said co-defendants Germain Lecomte and Elizabeth Lecomte and the plaintiff herein and for all other and proper relief."

The separate demurrers of appellees were each on the ground that the amended cross-complaint did not state facts sufficient to constitute a cause of action against the party filing the demurrer. The memoranda, which is a part of each demurrer, contains 22 specifications, but these need not be considered separately for, if the amended cross-complaint is not sufficient for any reason, whether such reason is specified in the memoranda to the demurrers, or not, the court's ruling in sustaining the demurrers will be upheld.

It affirmatively appears from allegations of the amended cross-complaint that appellant and his brother appellee Germain Lecomte were partners, engaged in business under the name of North Terre Haute Coal Company; that in the operation of said partnership business difficulties arose, and a suit for an accounting between the partners was brought, wherein Noble C. Wilson was appointed as receiver for such partnership estate; that during the pendency of this receivership

an attempt was made to sell the assets of said estate, including a certain coal lease which was a part of such assets, and the receiver was unable to sell said lease; that the presiding judge of the court wherein the receivership was pending called the partners into court and told them that unless "they reached an agreement and/or settled their differences" by June 20, 1935, he (the presiding judge) would order said property reappraised and sold for whatever it would bring, giving the two partners a week to settle their differences; that thereupon the attorney of record for appellee Germain Lecomte, the said appellee being present, arose in open court and announced that said Germain Lecomte "would either give or take the sum of $200.00 for his interest in said partnership"; that appellant thereafter, on June 20, 1935, offered the said Germain Lecomte the sum of $200.00 for his share in the assets of said partnership which he, the said Germain Lecomte, refused to accept, and appellant then and there paid said sum into the office of the Clerk of Vigo County, Indiana, as a legal tender for the said Germain Lecomte; that the debts of said partnership have been paid in full and there is approximately $800.00 on hand to pay court costs and attorney's fees, which amount is amply sufficient therefor.

It is upon the foregoing facts that appellant predicates his claim of ownership of the partnership assets in the hands of the receiver, and asserts his right to have his title thereto quieted as against all appellees. It is his contention that when, within the time fixed by the court, he accepted the proposal of Germain Lecomte made in open court a valid contract resulted, and that he became the owner of the property constituting the receivership estate. We cannot sustain this contention. Appellant could not acquire ownership of any asset of the receivership estate by virtue of any

contract between himself and his partner Germain Lecomte. When the receiver was appointed and qualified, the partnership assets became a trust estate, and were in the custody of the law, and not thereafter, during the pendency of the receivership, subject to sale by either partner, nor by anyone other than the receiver, and could be sold by him only when by a proper order or decree of court, duly made and entered of record, he was authorized so to do.

There was no error in sustaining the separate demurrers to the amended cross-complaint. Judgment affirmed.